## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Andre Ellis,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　)　　No. 20-cv-4582
　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Magistrate Judge Susan E. Cox
KILILO KIJAKAZI, Commissioner of the　)
Social Security Administration,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　　)
　　　　　　　　　　　　　　　　　)

## MEMORANDUM OPINION AND ORDER

Plaintiff Andre E.[1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act. The Parties have filed cross motions for summary judgment. For the reasons detailed below, Plaintiff's motion (dkt. 16) is granted and the Commissioner's Motion for Summary Judgment (dkt. 22) is denied. This case is remanded for further proceedings consistent with this opinion.

### I.　Background

On April 17, 2018, Plaintiff filed claims for SSI with an onset date of January 1, 2016. (R. 13.) The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on October 9, 2019. (*Id.*) On October 20, 2019, the ALJ denied Plaintiff's claim, finding him not disabled under the Act and therefore ineligible for benefits. (R. 13-20.) On June 16, 2020, the Appeals Council denied Plaintiff's request for review, (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner,

---

[1]　In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ issued a written decision on October 30, 2019, following the five-step analytical process required by 20 C.F.R. § 416.920. (R. 13-20.) At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 17, 2018. (R. 15.) At Step Two, the ALJ concluded that Plaintiff has the following medically determinable impairments: degenerative disease of the cervical and lumbar spine, degenerative joint disease of the left knee, substance abuse disorder, left shoulder pain post status gunshot wound, degenerative joint disease of the sacroiliac joint, and obesity. (*Id*.) The ALJ then found that none of those medically determinable impairments or any combination thereof significantly limited Plaintiff's ability to perform basic work-related activities for twelve months; in other words, Plaintiff did not have a severe impairment or combination of impairments. (R. 16.) These findings led to the conclusion that Plaintiff is not disabled as defined by the Act. (R. 20.)

In deciding that the analysis should stop at Step Two, the ALJ relied heavily on the Internal Medicine Consultative Examination performed by Dr. M.S. Patil, M.D., on July 25, 2018. (R. 253-256.) Generally, Dr. Patil's examination revealed that Plaintiff functioned normally, and he was able to perform the vast majority of the tests with no limitations. (*Id.*) These findings generally comport with the diagnostic testing from 2018, including an x-ray of the lumbar spine and left shoulder on April 23, 2018, showing only degenerative changes of the lower lumbar spine and a radiographically normal left shoulder. (R. 240-41.) However, all parties agree the relevant time period extends from April 17, 2018, through October 2019. (*See* Dkt 23 at 3.) The medical records suggest that Plaintiff's condition may have deteriorated between his examination with Dr. Patil on July 25, 2018 and the time of the ALJ's decision in October 2019. For example, while he was able to walk without assistance for 50 feet at the examination with Dr. Patil, Plaintiff was using a cane to walk as

of November 10, 2018. (R. 331.) Additionally, although Dr. Patil found that Plaintiff's "[s]uperficial and deep sensations were unimpaired" (R. 255), Plaintiff also later demonstrated bilateral leg weakness and a sensory deficit in his right leg (*i.e.*, "anaesthesia of the lateral surface of the right leg") on November 10, 2018. (R. 331.) Moreover, while Dr. Patil noted a normal gait (R. 255), on July 9, 2019, Plaintiff was noted to have "antalgic gait and posture." (R. 341.) Finally, an x-ray of the lumbar spine on August 1, 2019, showed that Plaintiff's back issues had worsened; the x-ray revealed moderate-to-severe disc space narrowing at the L5-S1 joint and mild-to-moderate disc space narrowing at L4-L5. (R. 349.)

## II.  Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. ALJs are required to follow a sequential five-step test to assess whether a claimant is legally disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; and (3) whether the severe impairment meets or equals one considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). If the impairment(s) does meet or equal this standard, the inquiry is over and the claimant is disabled. 20 C.F.R. § 416.920(a)(4). If not, the evaluation continues and the ALJ must determine (4) whether the claimant is capable of performing his past relevant work. *Cannon v. Harris*, 651 F.2d 513, 517 (7th Cir. 1981). If not, the ALJ must (5) consider the claimant's age, education, and prior work experience and evaluate whether she is able to engage in another type of work existing in a significant number of jobs in the national economy. *Id*. At the fourth and fifth steps of the inquiry, the ALJ is required to evaluate the claimant's RFC in calculating which work-related activities she is capable of performing given his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). In the final step, the burden shifts to the Commissioner to show

there are significant jobs available that the claimant is able to perform. *Smith v. Schweiker*, 735 F.2d 267, 270 (7th Cir. 1984).

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). While reviewing a commissioner's decision, the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Young*, 362 F.3d at 1001. Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted). Even where "reasonable minds could differ" or an alternative position is also supported by substantial evidence, the ALJ's judgment must be affirmed if supported by substantial evidence. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Scheck*, 357 F.3d at 699. On the other hand, the Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

## III.  Discussion

The Court finds that the ALJ erred in the Step Two analysis because the medical evidence did not clearly establish that Plaintiff's impairment or combination of impairments had only a minimal effect on Plaintiff's ability to perform basic work activities. At Step Two, "[t]he severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28. For the purposes of this opinion, such relevant work

4

activities would include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." SSR 85-28. "A claim may be denied at step two only if the evidence shows that the individual's impairments, when considered in combination, are not medically severe, *i.e*., do not have more than a minimal effect on the person's physical or mental ability(ies) to perform basic work activities." *Id*. "If such a finding is not clearly established by medical evidence, however, adjudication must continue through the sequential evaluation process." *Id*. The Social Security Regulations state that ALJs should take "[g]reat care…in applying the not severe impairment concept," and the Seventh Circuit has repeatedly noted that the Step Two analysis is as "a *de minimis* screening for groundless claims." *See, e.g.*, *Thomas v. Colvin*, 826 F.3d 923, 960 (7th Cir. 2016).

Walking is considered a basic work activity. As noted above, the medical evidence suggests Plaintiff had more than minimal difficulty walking; he needed a cane to ambulate, walked with a limp, and demonstrated bilateral leg weakness and numbness in his right leg. Much of this evidence also post-dates his consultative exam with Dr. Patil, which casts doubts on whether Dr. Patil's findings constitute an accurate understanding of the effects of Plaintiff's impairments during the entirety of the relevant time period. Also, the diagnostic imaging on Plaintiff's lumbar spine indicates his degenerative disc disease of the sacroiliac joint worsened over time, going from mere "narrowing of the intervertebral disc joints at…L5-S1" in April 2018 (R. 240), to moderate-to-severe disc space narrowing at the L5-S1 in August 2019. (R. 341.) The Social Security Regulations demand the medical evidence clearly establish that Plaintiff's impairments do not have more than a minimal effect on his ability to perform basic work activities like walking. Here, the medical evidence does not clearly establish that fact; at best, it is unclear whether Plaintiff's impairments have more than a minimal effect on his ability to walk. Certainly, evidence of assisted ambulation, antalgic gait, and moderate-to-severe disc narrowing with radiculopathy cloud the effect of Plaintiff's degenerative disc disease of the sacroiliac joint on his ability to walk. As such, the Court finds the ALJ committed an

error in the Step Two analysis. The Court is not suggesting Plaintiff's impairments or combination or impairments render him disabled under the Social Security Act; it is certainly possible there are ample jobs in the economy Plaintiff can perform despite any potential limitations. However, the medical evidence in the Administrative Record did not clearly establish that Plaintiff's impairment or combination of impairments had only a minimal effect on Plaintiff's ability to perform basic work activities, and the ALJ's analysis should have continued beyond Step Two.[2]

## IV. Conclusion

Plaintiff's motion (dkt. 16) is granted and the Commissioner's Motion for Summary Judgment (dkt. 22) is denied. This case is remanded for further proceedings consistent with this opinion.

Entered: 4/11/2022

United States Magistrate Judge
Susan E. Cox

---

[2] Although neither side raised the issue, it is possible the ALJ made another error in Step Two. "If the medical evidence establishes only a slight abnormality(ies) which has no more than a minimal effect on a claimant's ability to do basic work activities, but evidence shows that the person cannot perform his or her past relevant work because of the unique features of that work, a denial at the 'not severe' step of the sequential evaluation process is inappropriate." SSR 85-28. Plaintiff's previous work as a Laborer from June 2004 through April 2012 included walking four hours per day, lifting up to 50 pounds, and frequently lifting 25 pounds. (R. 153-154.) The Court believes the ALJ should have considered whether Plaintiff was able to perform his past relevant work in light of his medically determinable impairments. Had the ALJ found he was not able to do so, it would have also been an error to stop the inquiry at Step 2.